UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Mary Hawes, | Case No. 17-cv-5511 (NEB/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracy Beltz, *Warden of MCF-Shakopee* | |
| Respondent. | |

Melvin R. Welch, Welch Law Firm, LLC, 205 Second Avenue South, Suite 205, Minneapolis MN 55401 (for Petitioner); and

Kelsey R. Kelley, Anoka County Attorney's Office, 2100 Third Avenue North, Suite 720, Anoka MN 55303 (for Respondent).

STEVEN E. RAU, United States Magistrate Judge

This matter comes before the Court on Petitioner Elizabeth Mary Hawes's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Federal Habeas Petition"). (ECF No. 8). This matter was referred to the Court pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition.

**I.    BACKGROUND**

   **A.    Trial Court and Direct Appeal**

Hawes was charged with aiding and abetting in the first-degree premeditated murder of her brother, Edwin, in 2008. *State of Minnesota v. Hawes*, 801 N.W.2d 659, 662 (Minn. 2011). The State argued that Hawes helped her other brother Andrew murder Edwin; and

Hawes claimed that Andrew killed Edwin without her assistance. *Id.* Hawes, who demanded a speedy trial, went to trial before Andrew and was found guilty. *Id.* at 667–68. Hawes moved for a new trial on the grounds of newly available evidence—an affidavit from Andrew stating he would waive his Fifth Amendment right against self-incrimination and testify that Hawes had nothing to do with Edwin's murder. *Id.* at 667–68. The district court denied the motion because Hawes knew of this testimony at the time of trial. *Id.* at 668. Hawes was sentenced to life in prison without the possibility of parole. *Id.*

Hawes directly appealed to the Minnesota Supreme Court and presented three arguments.[1] She first argued the evidence was insufficient to sustain her conviction because the State's case was wholly circumstantial and there was no evidence she encouraged Andrew to act. *Id.* at 673. The Minnesota Supreme Court held that while the evidence was circumstantial, Hawes aiding Andrew in Edwin's murder was "the only reasonable hypothesis supported by the circumstances . . . in their entirety," and thus the evidence was sufficient to show that Hawes aided and abetted in Edwin's murder. *Id.* at 672–73. Second, Hawes argued the district court erred in preventing her from testifying about Andrew's out-of-court statements. *Id.* at 674. The court held that any alleged error was harmless because the fact "[t]hat Andrew murdered Edwin was not in dispute at Hawes trial; the question was whether Hawes aided and abetted Andrew in committing the murder." *Id.* at 674–75. Third, Hawes argued the district court erred in denying her motion for a new trial on the grounds of new evidence. *Id.* at 675. The supreme court held the district court did not err

---

[1] In Minnesota, a "person who has been convicted of murder in the first-degree may appeal directly from the district court to the supreme court." MINN. STAT. § 632.14 (2018).

because Hawes knew of Andrew's expected testimony at the time of trial and thus affirmed her conviction on August 24, 2011. *Id.* at 659.

### B. Postconviction Petitions

Nearly four years later, on July 10, 2015, Hawes sought postconviction relief in Scott County District Court. (ECF No. 14, Ex. 5). Hawes, acting *pro se*, claimed ineffective assistance of counsel because her counsel failed to introduce Andrew's out of court and post-trial statements about Hawes's involvement in the crime. (*Id.*). Hawes claimed this alleged ineffective assistance resulted in constitutional due process violations, and that her imprisonment constituted cruel and unusual punishment due to the incarceration of an innocent person. (*Id.*). Hawes further claimed the trial court erred in suppressing Andrew's out of court statements and in denying her motion for a new trial. (*Id.*). The respondents moved for dismissal because Hawes's claims did not entitle her to relief. (ECF No. 14, Ex. 6). The postconviction court noted Hawes did not raise "any challenges to jurisdiction or the lawfulness of her executed sentence, and there is nothing in the record to support any such claims." (ECF No. 14, Ex. 7). Hawes's postconviction relief was denied. (ECF No. 14, Ex. 7).

Hawes appealed the dismissal of her postconviction petition to the Minnesota Court of Appeals. (ECF No. 14, Ex. 8). The court held Hawes's claim was legally insufficient. (ECF No. 14, Ex. 9). The court stated Hawes "merely challenges the sufficiency of the evidence with respect to her underlying conviction, a challenge she previously raised in a motion for a new trial." (*Id.*). The court also found Hawes's counsel "failed for reasons of law and not inadequate representation" as Hawes's "claim of ineffective assistance of

3

counsel is based on disappointment that her posttrial motion and appeal failed." (*Id.*). The court of appeals affirmed the district court's motion to dismiss. (*Id.*).

On May 2, 2016, Hawes mailed "an appeal of habeas corpus" to the Minnesota Supreme Court, which was not accepted for failure to comply with with Minn. R. Civ. App. P. 117. (ECF No. 14, Exs. 10, 15).[2] Hawes then filed a motion for an extension of time to file a late petition for review, which was also denied. (ECF No. 14, Exs. 14–15).

Hawes next filed a postconviction petition with the Anoka County District Court on May 12, 2016. (ECF No. 14, Ex. 11). Hawes asked for a reversal of her conviction, a new trial, or a reduction in her sentence because having her trial before Andrew's restricted her from presenting her full case to the jury. (*Id.*) The district court dismissed her petition without a hearing on May 23, 2016. (ECF No. 14, Ex. 13). The court stated Hawes was not entitled to an evidentiary hearing because it was untimely, the court had already ruled on the issue of whether Hawes was entitled to a new trial based on Andrew's affidavit, the court's decision to deny a new trial was affirmed by the Minnesota Supreme Court, and Hawes's ineffective assistance of counsel claims were known at the time of her direct appeal to the Minnesota Supreme Court. (ECF No. 7, Ex. U).

### C. Federal Habeas Petition

Hawes filed the instant writ of habeas corpus in this Court on December 22, 2017. (ECF No. 8). Hawes argues: (1) she has exhausted her state court remedies; (2) she should be allowed to appeal her conviction despite the expiration of the one-year statute of

---

[2] Rule 117 lists the requirements for petitions filed with the Minnesota appellate courts.

limitations because she can establish her innocence; (3) there was ineffective assistance of trial and appellate counsel; (4) the Minnesota Supreme Court's decision that exclusion of Hawes's testimony as harmless error was objectively unreasonable; and (5) the postconviction court was objectively unreasonable in holding the trial court did not violate Hawes's Sixth Amendment rights by denying her motion for a new trial. (ECF No. 5).

## II. STANDARD OF REVIEW

"Federal habeas corpus review of a state criminal conviction is available only for claims involving federal constitutional issues." *Carney v. Fabian*, 441 F. Supp. 2d 1014, 1022 (D. Minn. 2006), *aff'd*, 487 F.3d 1094 (8th Cir. 2007). That is, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner has exhausted state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Gill v. Swanson*, Civ. No. 07-4555 (JMR/AJB), 2008 WL 4371378, at *2–3 (D. Minn. Sept. 22, 2008). The Supreme Court summarized the exhaustion requirement as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). Accordingly, to exhaust his state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

When a habeas petitioner has not fairly presented his claims in each appropriate state court, "the federal court must determine whether the state procedural rules would allow [a] hearing on the merits." *Gill*, 2008 WL 4371378, at *3. Generally, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure . . . ." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

If, however, the state's procedural rules would preclude a hearing on the merits of a claim, the claim is procedurally defaulted and federal habeas review of that claim is precluded generally. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Thus, when a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim is procedurally defaulted. *See id*. A state prisoner's claims may also be procedurally defaulted, preventing federal habeas review, when the state courts have declined to address the prisoner's federal claims on an

"independent and adequate state procedural ground[]." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

That is, a state prisoner seeking habeas relief can procedurally default a federal claim in "two possible ways." *Hill v. Minnesota*, Civ. No. 14-3337 (DSD/BRT), 2015 WL 4919952, at *4 (D. Minn. Aug. 11, 2015). "First, a claim is procedurally defaulted where a state prisoner fails to properly exhaust available state court remedies by fairly presenting his claim in each appropriate state court, including a state high court with powers of discretionary review, and state procedural rules preclude any further attempts at exhaustion." *Id.* (citing *Baldwin*, 541 U.S. at 29; *Welch v. Lund*, 616 F.3d 756, 758–60 (8th Cir. 2010)). "Second, a claim is likewise defaulted where it is rejected by the state courts based on an 'independent and adequate' state procedural rule, meaning one that is 'firmly established and regularly followed.'" *Id.* (quoting *Niederstadt v. Nixon*, 505 F.3d 832, 835 (8th Cir. 2007)).

A federal court may not review a procedurally defaulted claim on its merits unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also McCall*, 114 F.3d at 757. The fundamental miscarriage of justice exception that permits a federal court to review an otherwise procedurally defaulted claim is "explicitly tied . . . to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). That is, the Supreme Court has recognized a *procedural* claim of actual innocence that, if demonstrated, allows a state

7

prisoner to avoid a procedural bar that stands in the way of merits review of her federal constitutional claims. *Id.* at 314–15.

## III.  ANALYSIS

Hawes asserts two sets of claims. Hawes first argues the Minnesota Supreme Court and postconviction court erred by excluding hearsay testimony at trial and should thus grant her a new trial. Hawes then brings claims of ineffective assistance of trial and appellate counsel.  Hawes contends the Court should consider her claims on their merits, despite any procedural bars, because she can make a credible showing of actual innocence.

### A.    Timeliness

A federal habeas petition must be timely. "The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') imposes a one-year deadline for challenging a state criminal judgment in a federal habeas petition, which typically begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *White v. Minnesota*, Civ. No. 14-3459 (ADM/BRT), 2015 WL 5672984, at *3 (D. Minn. Sept. 23, 2015) (quoting 28 U.S.C. § 2244(d)(1)(A)). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" when the AEDPA statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).

Hawes's petition for writ of habeas corpus is untimely. Petitions must be filed within one-year of the date an individual's judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The Minnesota Supreme Court affirmed Hawes's conviction on August 24, 2011. Hawes filed her petition on December 20, 2017. Because Hawes's petition was filed over six

years[3] after the Minnesota Supreme Court's decision, this Court finds Hawes's petition untimely.[4] Since Hawes's habeas petition is untimely under AEDPA, this Court can only consider Hawes's actual innocence claims. *McQuiggin*, 133 S. Ct. at 1928.

### B. Exclusion of Hearsay Claims

Hawes asserts the Minnesota Supreme Court and the postconviction court erred by denying her a new trial based on the exclusion of hearsay testimony at her trial. Hawes successfully exhausted her claim on the exclusion of hearsay testimony by raising it in her direct appeal to the Minnesota Supreme Court. But, as discussed above, Hawes's federal habeas petition is untimely. This Court accordingly finds Hawes's exclusion of hearsay claim is time-barred.

Hawes argues the statutory time bar does not apply because she can prove her innocence. In *McQuiggin*, the Supreme Court recognized a "miscarriage of justice" exception to the one-year statute of limitations for a late filing of a habeas petition asserting actual innocence. 133 S. Ct. at 1931–34. Actual innocence may serve "as a gateway through which a [habeas] petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* at 1928. However, "tenable actual-innocence gateway pleas are rare" and require "new evidence" that shows "no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and *House v. Bell*, 547 U.S.

---

[3] Given this large span of time, a precise calculation of the time between filings is unnecessary as the time period allotted to appeal to the United States Supreme Court has minimal effect.

[4] Hawes's first postconviction petition was filed in July 2015, well after the statute of limitations for seeking federal habeas relief expired. Thus, any tolling provided by the state postconviction petitions does not save her current federal habeas petition from being untimely.

518, 538 (2006)). The petitioner must present "new evidence not present at the original trial." *Buermann v. Roy*, 2016 WL 4179868 *2 (D. Minn. 2016) ("[G]enerally an actual innocence claim cannot excuse the late filing of a habeas corpus petition" (quoting *Johnson v. Norris*, 170 F.3d 816, 817-18 (8th Cir. 1999)); *see also Kidd v. Norman*, 651 F.3d 947, 952 (8th Cir. 2011) (explaining that a gateway claim of actual innocence requires the petitioner "come forward not only with new reliable evidence which was not presented at trial but to come forward with new reliable evidence which was not available at trial through the exercise of due diligence"). Although the "actual innocence" exception circumvents the need for proving diligence in attempting to bring the claim within the statute of limitations period, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *McQuiggin*, 133 S. Ct. at 1935.

Hawes claims she can show her actual innocence through the testimony of her brother, Andrew. In Hawes's direct appeal to the Minnesota Supreme Court, she submitted an affidavit from Andrew. In his affidavit, Andrew stated he would be willing to testify that "Elizabeth Hawes absolutely had nothing to do with the death of Edwin Hawes." (ECF No. 14, Ex. 2 at A-15).

Hawes has not provided evidence of actual innocence, as *McQuiggin* requires, to overcome the one-year statute of limitations. First, Andrew's testimony is not new evidence. As multiple courts have noted, Andrew's testimony was available to Hawes at the time of trial. In fact, Hawes presented this testimony in an offer of proof to the Minnesota Supreme Court in 2010. (ECF No. 14, Ex. 1). Andrew exercised his right to

10

remain silent when questioned about the crime. Andrew's affidavit and willingness to now testify about Hawes's alleged lack of involvement in the murder does not change the fact the evidence was available at trial as the Minnesota Supreme Court concluded.

Second, while Andrew's potential testimony could have some possible persuasive value to the jury, the stringent *McQuiggin* standard requires that no reasonable juror could have found Hawes guilty in light of this evidence. Based on the information before the Court, the Court cannot conclude that Hawes's theory of the case could have necessarily defeated the prosecution's competing factual narrative in the eyes of a reasonable jury. This Court agrees with the Minnesota Supreme Court's determination of what a reasonable juror would have made of the circumstances presented:

> [I]t is reasonable to infer from the circumstances proved that Hawes aided and abetted Edwin's murder. She had a motive and she gathered information about Edwin's address, schedule and property that was helpful to Andrew. The phone conversations between Andrew and Hawes immediately before the murder also support a reasonable inference that Hawes was assisting Andrew in the crime. Finally, Hawes helped Andrew hide the body and other evidence of the murder . . . Not only is it reasonable to conclude from the circumstances proved that Hawes aided Andrew in commission of the murder, but that is the only reasonable hypothesis supported by the circumstances.

*Hawes*, 801 N.W.2d at 672.

The Minnesota Supreme Court also considered whether Andrew's testimony would have precluded a guilty verdict for Hawes and stated:

> [M]uch of what Hawes claims the district court erroneously excluded was already presented to the jury. The statements in the written offer of proof provide additional details of the murder, but the substantive point of these statements is that Andrew committed the murder. That Andrew murdered Edwin was not in dispute at Hawes trial; the question was whether Hawes aided and abetted Andrew in committing the murder. To the extent the

11

> statements at issue bear on this question, Hawes, in effect, presented this evidence to the jury . . . Hawes was also able to testify as to her reactions to what Andrew told her, how she was stunned and that she did not know what to do as a result of what Andrew said to her.

*Id.* at 674–75.

For both these reasons, the Court finds that Hawes cannot avail the "miscarriage of justice" exception to the one-year statute of limitations for the late filing of her federal habeas petition.

### C. Ineffective Assistance of Counsel Claims

Hawes also brings claims on ineffective assistance of trial and appellate counsel. Hawes alleges she received ineffective assistance of trial counsel because competent counsel should have realized Andrew would exercise his right to remain silent if tried before Hawes. Hawes claims her trial counsel should have advised her not to exercise her speedy trial rights. Hawes claims ineffective assistance of appellate counsel because appellate counsel did not raise the claim of ineffective assistance of trial counsel.

This Court first finds that Hawes's ineffective assistance of trial counsel claim is not exhausted and is procedurally defaulted. Hawes knew, or should have known, of this claim at the time of her direct appeal to the Minnesota Supreme Court. Hawes failed to raise the claim in her direct appeal, and first raised this claim almost four years after her final judgment in her state postconviction petition. (ECF No. 14, Ex. 5). Hawes's claim is not exhausted because she did not raise it in her direct appeal to the Minnesota Supreme Court. *See O'Sullivan v. Boerckel*, 525 U.S. 838, 845 (1999) (stating that claims must be fairly presented to the highest state court with discretionary review authority). Hawes's

claim is also procedurally defaulted because she cannot return to state court to exhaust the claim. She knew of the claim at the time of her direct appeal but first raised it well outside the two-year period following entry of final judgment allowed under Minnesota Statute § 590.01, subd. 4. *See State v. Knaffla*, 243 N.W.2d 737 (1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."); *Buckingham v. State*, 799 N.W.2d 229, 231 (Minn.2011) ("The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred.").

Likewise, the Court finds Hawes's ineffective assistance of appellate counsel claim is not exhausted and procedurally defaulted. Unlike her ineffective assistance of trial counsel claim, Hawes was not required to raise this claim in her direct appeal. *See Townsend v. State*, 723 N.W.2d 14, 19 (Minn. 2006) ("[A] defendant who wishes to raise an ineffective assistance of appellate counsel claim need not do so in the very appeal where counsel is representing the defendant, but instead may raise that claim in the next postconviction petition"). Hawes first raised her ineffective assistance of appellate counsel claim, along with her ineffective assistance of trial counsel claim, in her state postconviction petition. The state district court dismissed Hawes's claims and the Minnesota Court of Appeals affirmed the district court's dismissal. Hawes attempted to appeal the decision to the Minnesota Supreme Court but her petition was not accepted for filing for lack of compliance with Minn. R. Civ. App. P. 117. Her motion for an extension

of time to file a late petition for review was also denied by the supreme court. Hawes's ineffective assistance of appellate counsel claim is not exhausted because she failed to fairly present the claim to the Minnesota Supreme Court consistent with its procedural rules. *See Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994) (stating that if a state appellate court expressly declines to address a petitioner's claim on the merits because the petitioner violated state procedural rules, a federal claim has not been fairly presented). Hawes's claim is also procedurally defaulted because she cannot return to state court to exhaust the claim. Like her ineffective assistance of trial counsel claim, her ineffective assistance of appellate counsel claim was raised well outside the two-year period following entry of final judgment. *See Knaffla*, 243 N.W.2d at 737 (1976).

In sum, even if Hawes's federal habeas petition were timely, this Court finds Hawes's ineffective assistance of counsel claims are not exhausted and Hawes cannot return to state court to exhaust these claims because they are procedurally defaulted.

Moreover, Hawes cannot demonstrate cause for the procedural default or a fundamental miscarriage of justice. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin*, 569 U.S. at 392 (2013). But, as explained above, this Court does not think Hawes can make a credible showing of actual innocence based on Andrew's affidavit. Thus, this Court does not reach Hawes's constitutional claims of ineffective assistance of trial and appellate counsel.

Even if Hawes made a showing of actual innocence, this Court would recommend denying Hawes's ineffective assistance of trial and appellate counsel claims. To succeed, ineffective assistance of counsel claims must meet a stringent standard requiring a defendant to show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Even if Hawes could show her counsels' performance on the trial and appellate level was deficient, this Court does not find that the performance prejudiced Hawes's defense. As explained above, the Minnesota Supreme Court noted how Hawes's aiding and abetting in the murder of Edwin was "the only reasonable hypothesis supported by the circumstances." *Hawes*, 801 N.W.2d at 672.

In sum, Hawes cannot invoke the "miscarriage of justice" gateway for this Court to review her constitutional ineffective assistance of counsel claims because she cannot make a credible showing of actual innocence. Regardless, this Court still would not find that Hawes's circumstances meet the stringent *Strickland* standard to prove ineffective assistance of counsel.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that: Petitioner Elizabeth Mary Hawes's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in State Custody, (ECF No. 8), be **DENIED**.

[Signature on following page.]

Dated: January 4, 2019

                                              *s/Steven E. Rau*
                                              STEVEN E. RAU
                                              United States Magistrate Judge

## Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.